# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE LITTLE | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-05-1490 |
| R. RITLEY and KATHLEEN GREEN | : | |
| | : | |
| Defendants | | |

. . . .o0o. . . .

## **MEMORANDUM**

This civil rights action was filed on June 1, 2005, and alleges that Defendants violated Plaintiff's constitutional rights when he was not permitted to go to the second serving of lunch at Eastern Correctional Institution. Paper No. 1. In addition to the complaint, Plaintiff has filed a Motion to Proceed In Forma Pauperis. Paper No. 2.

Plaintiff has, on three previous occasions, filed civil rights complaints which were dismissed by this court as frivolous under 28 U.S.C. §1915(g). *See Little v. Kupec*, Civil Action No. WDQ-04-3813 (D. Md. 2004); *Little v. Green*, Civil Action No. WDQ-05-956 (D. Md. 2005); and *Little v. Sacks*, Civil Action No. WDQ-05-957 (D. Md. 2005).[1] Consequently, this court is not permitted to grant Plaintiff's Motion to Proceed In Forma Pauperis unless it is clear from the complaint that his life is in jeopardy.[2]

Although Plaintiff is permitted to file this action if it is accompanied by the full filing fee, the

---

[1] *See also Little v. Cook, et al.*, Civil Action WDQ-05-1489 (D. Md. 2005).

[2] Plaintiff is not making such an allegation.

instant complaint must be dismissed.  Plaintiff alleges nothing beyond his assertion that he missed one meal on one occasion and that his administrative remedy complaint regarding the incident was not given a prompt response.  A civil rights complaint filed pursuant to 42 U.S.C. § 1983 requires at least a probable allegation that a government official has in some way deprived Plaintiff of a right guaranteed to him by the United States Constitution.  Even when the instant complaint is held to the less stringent standards due to Plaintiff's pro se status, it is clear that it is subject to dismissal as frivolous.

Accordingly, by separate order which follows, the complaint shall be dismissed.


June 20, 2005                                            /s/                          
Date                                          William D. Quarles, Jr.
                                              United States District Judge